Brian S. King, #4610
Brent J. Newton, #6950
Samuel M. Hall, #16066
**BRIAN S. KING, P.C.**
420 East South Temple, Suite 420
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936
brian@briansking.com
brent@briansking.com
samuel@briansking.com

Attorneys for Plaintiff

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| L.D., individually and on behalf of K.D., a minor,<br><br>Plaintiff,<br>vs.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, UNITED BEHAVIORAL HEALTH, and the INSPERITY GROUP HEALTH PLAN,<br><br>Defendants. | **PLAINTIFFS' MOTION FOR AN AWARD OF PREJDUGMENT INTEREST, ATTORNEY FEES, AND COSTS**<br><br>Civil No. 1:21-cv-00121 – RJS – DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Plaintiff L.D., individually and on behalf of K.D., a minor, through their undersigned counsel, hereby submit this Motion for Award of Prejudgment Interest, Attorney Fees, and Costs, providing specific information relating to attorney fees and costs incurred relating to work performed on behalf of the Plaintiff in this case.

//

//

//

In its Memorandum Decision and Order, the Court partially granted Plaintiff's motion for summary judgment against United, reversed United's denials of Plaintiff's claim for the benefits K.D. received from February 11 through March 15, 2019, and further ordered that Plaintiff's claim for benefits K.D. received from August 7 through November 4, 2019 be remanded. As Plaintiff has achieved success on the merits of those claims, she submits this petition requesting attorney fees this petition requesting attorney fees under 20 U.S.C. §1132(g)(1) for the time spent by Plaintiff's counsel to obtain the results they have in this case, seeking prejudgment interest in the amount of 10% pursuant to U.C.A. §15-1-1(2), and requesting reimbursement of her allowable costs under 28 U.S.C. §§1920 and 1924 in the amount of $400 as the filing fee for the Complaint in this case.

## ARGUMENT

I.  **PLAINTIFFS ARE ENTITLED TO AN AWARD OF ATTTORNEY FEES AND COSTS.**

In *Hardt v. Reliance Standard Life Ins. Co.*, the Supreme Court discussed awards of attorney fees in ERISA cases. The Supreme Court held that 29 U.S.C. §1132(g)(1) does not require a litigant to be a prevailing party to obtain an award of attorney fees, and that it is enough to justify a discretionary award of fees from this Court if a party achieves "some degree of success on the merits."[1] Reversal of a denied claim certainly justifies an award of fees.[2]

In this case, L.D. obtained this Court's ruling in her favor that United's denial of benefits was inappropriate, and that K.D.'s treatment was medically necessary at least through March 15, 2019.[3] Further, L.D. also obtained the Court's ruling that K.D.'s claims from August 7 to

---

[1] 560 U.S. 242, 252-255 (2010).
[2] *Id* at 255-256.
[3] ECF Doc. No. 64 at 24-30.

November 4, 2019 are remanded for further consideration by United.[4] These constitute a significant degree of success on the merits and justifies an award of attorney fees and costs under *Hardt*. This Circuit has also utilized a "five-factor test" to determine the applicability of attorney fees to a prevailing plaintiff in ERISA cases.[5] The Tenth Circuit elaborates on the non-exclusive five factor test used to assist courts in their discretionary decision-making regarding an award of attorney fees in *DeBoard v. Sunshine Mining & Refining Co.*:

> In deciding whether to exercise its discretion and award fees, a district court should consider the following nonexclusive list of factors:
>
> 1. the degree of the offending party's culpability or bad faith;
>
> 2. the degree of the ability of the offending party to satisfy an award of attorney's fees;
>
> 3. whether or not an award of attorney's fees against the offending party would deter other persons acting under similar circumstances;
>
> 4. the amount of the benefit conferred on members of the plan as a whole; and
>
> 5. the relative merits of the parties' positions.[6]

In weighing these factors, an award of attorney fees in this case is appropriate because L.D. was successful in having the claim denial reversed, satisfying the first factor of Defendants' culpability. As a major insurer who has paid attorney's fees before, the second factor is satisfied and Plaintiffs do not expect Defendants to dispute this. They are certainly in the position to pay any reasonable award of attorney's fees this Court assesses.

---

[4] ECF Doc. No. 64 at 32-35.
[5] *DeBoard v. Sunshine Mining & Refining Co.*, 208 F.3d 1228, 1244 (10th Cir. 2000).
[6] 208 F.3d 1228, 1244 (10th Cir. 2000).

With regard to the third factor, whether or not an award of attorney's fees against the Defendants would deter other insurers and benefit plans from improperly denying benefits to worthy participants, this Court has previously found that an award of attorney fees acts as an adequate deterrent under similar circumstances.[7] When a claimant is successful in getting wrongful denials reversed, an award of fees sends a strong message to insurers that failure to pay benefits to which insureds are entitled is not without consequence.[8]

The fourth factor is similarly satisfied by reminding Defendants that wrongly denying ERISA claims will cost something above and beyond the benefits themselves and encouraging compliance with the law in the future. This may very well increase the likelihood that future claimants obtain benefits in a timely way and without having to resort to litigation. The fifth and final factor also clearly weighs in Plaintiffs' favor, as they prevailed on the merits of this case.

Additionally, the Supreme Court has considered the five-factor test and determined that it is "not required for channeling a court's discretion when awarding fees under this section."[9] Even in the unlikely event that this Court does not believe Plaintiff's meet the five-factor test from *DeBoard*, *Hardt* entitles them to attorney fees solely based on their degree of success on the merits. Pursuant to 28 U.S.C. §§1920 and 1924, the $400 filing fee is also recoverable as costs in this case. Plaintiff is entitled to her reasonable attorney's fees and costs in this action.

//

//

---

[7] *Kellogg v. Metropolitan Life Ins. Co.*, 2009 U.S. Dist. LEXIS 86165, at *6 (D. Utah 2009) (Kimball, J.); *D.K. and A.K. v. United Behavioral Health et al.*, Case No. 2:17-CV-01328-DAK, ECF Doc. No. 111 at 4 of 7 (D. Utah. Sep. 7, 2021).
[8] *Ray v. UNUM Life Insurance Company of America*, 224 Fed. Appx. 772, 788 (10th Cir. 2007) ("… an award of attorney fees should deter such conduct in the future…").
[9] *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 254-255 (2010).

## II. THE KING DECLARATION AND SUPPORTING INFORMATION IDENTIFIES REASONABLE HOURLY RATES AND REASONABLE TIME SPENT IN THIS LITIGATION

To determine the amount of attorney fees to award, the Supreme Court has made clear that the "hybrid lodestar" method of determining the appropriate amount of attorney fees to be awarded is appropriate under ERISA.[10] This requires multiplying "the number of hours reasonably expended on the litigation by a reasonable hourly rate."[11] Ordinarily, "this will encompass all hours reasonably expended on the litigation, and indeed in some cases of exceptional success an enhanced award may be justified."[12]

After deciding the appropriate hourly rate, the Court reviews the billing records submitted by the movant and excludes any amounts that it determines are "[e]xcessive, redundant, or otherwise unnecessary."[13] The lodestar figure is presumptively a reasonable fee and upward or downward adjustment of the figure is proper only in rare or exceptional circumstances where there is specific evidence on the record supported by detailed findings that the lodestar is too high or too low.[14]

The appropriate hourly rate is the "prevailing [rate] in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation."[15] When the subject matter of the litigation is highly specialized and a limited number of attorneys specialize in the area, as is the case with non-contingent-fee-basis representation of ERISA claimants in Utah, there may be no local community of comparable lawyers from which to draw hourly rates for comparison. Plaintiffs aver that this is the case here, and there is no attorney of comparable

---

[10] *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).
[11] *Id* at 433.
[12] *Id* at 435.
[13] *Id* at 434.
[14] *Van Gerwen v. Guarantee Mutual Life*, 214 F.3d 1041, 1045 (9th Cir. 2000).
[15] *Blum v. Stenson*, 465 U.S. 886, 895, n. 11 (1984).

experience and reputation representing ERISA Plaintiffs in Utah. In such cases, where specialties draw on federal statutes or bodies of law, the Court may look to circuit-wide or national rates to establish a standard.[16] It is well established that when considering attorneys' fees under ERISA, national rates are the most appropriate lens for comparison.[17] Mr. King's hourly rate is identified in the Declaration of Brian S. King ("King Declaration") as $600 in this case[18], and is comparable to counsel specializing in ERISA litigation of this complexity and import with a comparable nationwide practice.[19] The associate attorney in Mr. King's office who worked on this case, Mr. Hall, bills his work at $325 an hour.[20]

These hourly rates are reasonable and within the range of rates in the relevant market. Mr. King provides his statement in his declaration that the rates for himself and Mr. Hall are in line with competent attorneys in this specialty of law. The King Declaration identifies his

---

[16] *Jeffboat, LLC v. Director, Office of Worker's Compensation Programs*, 553 F.3d 487, 491 (7th Cir. 2009).
[17] *Chesemore v. Alliance Holdings, Inc*, 2014 U.S. Dist. LEXIS 123873, *21 (W.D. Wis. 2014); *Tussey v. ABB, Inc.,* 2012 U.S. Dist. LEXIS 157428, *10-11 (W.D. Mo. 2012), affirmed & reversed in parts, 746 F.3d 327 (8th Cir. 2014) ("It is well established that complex ERISA litigation involves a national standard and special expertise"); *Mogck v. Unum Life Ins. Co*., 289 F.Supp.2d 1181, 1191 (S.D. Cal. 2003) ("ERISA cases involve a national standard"); *Oldoerp v. Wells Fargo & Co. LTD Plan*, 2014 U.S. Dist. LEXIS 80983, *8-10 (N.D. Cal. 2014)(entertaining evidence of fee rates applying a national rate in awarding fees); *Torgerson v. Unum Life Ins. Co. of America*, 2007 U.S. Dist. LEXIS 9332, *21 (N.D. Iowa 2007)("ERISA cases involve a national standard" hourly rate); and *Dobson v. Hartford Financial Services Group*, Inc., 2002 U.S. Dist. LEXIS 17682, *9 (D. Conn. 2002) (plaintiff's counsel have a "nationwide practice and some degree of special expertise is necessary for complex ERISA litigation").
[18] Exhibit A, *Declaration of Brian S. King*, at ¶15.
[19] *See Dowdy v. Metro Life Ins. Co.*, No. 15-cv-03764-JST, 2019 U.S. Dist. LEXIS 2796, at *16 (N.D. Cal. Jan. 7, 2019) (finding a rate of "$600 per hour" appropriate for Plaintiffs' counsel in an ERISA case in 2019 and "an hourly rate of $700" appropriate for experienced ERISA attorneys on appeal); *Gurasich v. IBM Ret. Plan*, No. 14-cv-02911-DMR, 2016 U.S. Dist. LEXIS 90448, at *19 (N.D. Cal. July 12, 2016) (finding Plaintiff's counsel's "$650 hourly rate is consistent with the prevailing rates for ERISA litigation").
[20] Exhibit B, *Declaration of Samuel Hall*, at ¶ 6.

qualifications and expertise, which support an award of attorney fees at the rate of $600 per hour for his work in this case. Mr. King has extensive experience litigating ERISA benefit claims over the last 25 plus years. He has practiced and continues to practice in courts across the country and can be said to have a national practice. ERISA involves complex questions of law and fact and requires extensive knowledge and preparation to represent claimants successfully. In addition, this Court has previously awarded attorney fees for King's work at the $600 an hour rate.[21]

As for the number of hours billed by Mr. King's firm, the time sheets attached to the King and Hall Declarations provide adequate documentation of the nature of the tasks performed in the case, the time spent on those tasks, and the reasonableness of that time. They total 64.1 hours for Mr. King and 27.2 hours for Mr. Hall. Multiplying the hours by the hourly rates identified in the Declarations of Mr. King and Mr. Hall totals $47,300.00 and represents the law firm's reasonable time into the case multiplied by their reasonable hourly rate. The detailed information in connection with the law firm's time is attached to these respective declarations.

### III. PLAINTIFFS ARE ENTITLED TO AN AWARD OF PREJUDGMENT INTEREST AT 10% BASED ON U.C.A. §15-1-1(2).

It is well established in the Tenth Circuit that prejudgment interest is appropriate in ERISA cases where state statutes provide for such payment.[22] The Tenth Circuit has affirmed an award of prejudgment interest in an ERISA case as high as 15%.[23] The award of prejudgment interest rests in the discretion of the trial court.[24] However, it is properly awarded as part of the compensation contemplated under ERISA.[25]

---

[21] *M.S. v. Premera Blue Cross*, case no. 2:19-cv-00199-RJS-CMR, ECF Doc. Nos. 102 and 109.
[22] *Allison v. BankOne-Denver*, 289 F.3d 1223, 1243-44 (10th Cir. 2002); *Caldwell v. Life Insurance Company of North America*, 287 F.3d 1276, 1286-87 (10th Cir. 2002).
[23] *Weber v. GE Group Life Ass. Co.*, 541 F.3d 1002, 1016 (10th Cir. 2008).
[24] *Id*.
[25] *Id*; *Allison*, 289 F.3d at 1243.

Utah law on prejudgment interest rates for written contracts is unambiguous: "[u]nless the parties to a lawful written… contract expressly specify a different rate of interest, the legal rate of interest for the contract… or a claim for breach of contract is 10% per annum."[26] A number of Utah district court cases have awarded 10% interest under U.C.A. §15-1-1(2) where they have determined in ERISA cases that benefits were wrongly denied.[27]

Under the facts of this case, the Court should award interest at 10% as called for under U.C.A. §15-1-1(2). ERISA provides for no remedy in the nature of extra-contractual or consequential damages to compensate Plaintiffs for their significant financial loss resulting from Defendants wrongfully withholding payment for the services provided for K.D. from January 1, 2019, to May 31, 2019. Ten percent interest is appropriate not only to compensate Plaintiffs for the loss of use of their funds for the last four years, but as a small measure of equitable disgorgement to reflect the fact that it has wrongfully retained the benefit of funds that should have belonged to Plaintiffs.

**CONCLUSION**

For the foregoing reasons, the Court should award fees and costs to Plaintiffs in the amount of $47,300.00 in attorney fees and $400 in costs, for a total of $47,700.00 as well as 10%

---

[26] Utah Code Annotated §15-1-1(2).
[27] See, e.g. *Charles W. v. Regence BlueCross BlueShield of Oregon*, 2019 U.S. Dist. LEXIS 203414, *2-4 (D. Utah 2019); *B.D. v. Blue Cross Blue Shield of Ga.* 2018 U.S. Dist. LEXIS 16993, *33-34 (D. Utah 2018); *Lynn R. v. ValueOptions*, 2014 U.S. Dist. LEXIS 119753, *26-27 (D. Utah 2014); *Bennett v. Aetna Life Ins. Co.,* 2013 U.S. Dist LEXIS 124694 *28-29 (D. Utah 2013); *Krum v. Hartford, Ins. Co.*, 942 F.Supp.2d 1171, 1186 (D. Utah 2013); *Gundersen v. Metropolitan Life Ins. Co.*, 2011 U.S. Dist. LEXIS 138072, *14-15 (D. Utah 2011); *Kellogg v. Metropolitan Life Ins. Co.,* 2009 U.S. Dist. LEXIS 86165 *3-4 (D. Utah 2009); *Toman v. Goldman, Sachs & Co. Medical Plan*, 2004 U.S. Dist. LEXIS 8714, *20-21 (D. Utah 2004); and *Omasta v. The Choices Benefit Plan*, 352 F.Supp.2d 1201, 1212 (D. Utah 2004).

in prejudgment interest on the money owed to Plaintiffs for the wrongful denial of treatment from February 11, 2019 through March 15, 2019.

DATED this 26th day of September, 2023.

/s/ Brian S. King
Attorney for Plaintiffs

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct version of the foregoing document has been served to all parties registered on the Court's CM/ECF system for the above captioned matter.

DATED this 26th day of September, 2023.

/s/ Brian S. King