Brian S. King, #4610
Brent J. Newton, #6950
Samuel M. Hall, #16066
**BRIAN S. KING, P.C.**
420 East South Temple, Suite 420
Salt Lake City, UT 84111
Telephone: (801) 532-1739
Facsimile: (801) 532-1936
brian@briansking.com
brent@briansking.com
samuel@briansking.com

Attorneys for Plaintiff

THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| L.D., individually and on behalf of K.D., a minor,<br><br>Plaintiff,<br>vs.<br><br>UNITED HEALTHCARE INSURANCE COMPANY, UNITED BEHAVIORAL HEALTH, and the INSPERITY GROUP HEALTH PLAN,<br><br>Defendants. | **DECLARATION OF BRIAN S. KING**<br><br><br>Civil No. 1:21-cv-00121 – RJS – DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

**DECLARATION OF BRIAN S. KING**

1. I am an attorney over the age of 18 years, a member in good standing of the Utah State Bar, am competent to provide this testimony and I have personal knowledge of the matter of which I testify.

2. I received my J.D. degree in 1985 from the University of Utah. I have practiced law continuously in the State of Utah since 1985.

1

3. I have practiced law for 38 years, approximately 29 of which have been almost exclusively devoted to representing participants and beneficiaries of employee welfare benefit plans governed by the Employee Retirement Income Security Act of 1974 ("ERISA").

4. In the past seven years my practice has also involved extensive representation of plaintiffs with claims for which I have alleged violations of the federal Mental Health Parity and Addiction Equity Act ("MHPAEA").

5. My representation of participants and beneficiaries in ERISA cases has been at all phases of welfare benefit claim development. I have been involved assisting plan participants and beneficiaries in preparing claims for submission, appealing denied claims in the pre-litigation appeal process, and litigating in district and appellate courts. I have been an AV rated lawyer by Martindale-Hubbell since 2001.

6. I am admitted to practice before the state and federal courts in Utah. Given my focus on ERISA, over the past 25 plus years I have practiced in many courts across the country and have been admitted to practice before the Supreme Court, the First, Fifth, Sixth, Ninth, Tenth, and Eleventh Circuit Courts of Appeal, and many federal district courts across the country.

7. I have spoken and lectured on various aspect of ERISA at various times and places, to both attorney and non-attorney audiences, many times in the past twenty-five years. I have also testified before the U.S. Department of Labor twice in the last twenty-five years about proposed changes to various aspects of ERISA's claims procedure regulations.

8. Reported decisions in ERISA cases in which I have represented claimants include *David P. v. United Healthcare Ins. Co.*, 2023 U.S. App. LEXIS 21196 (10th Cir. 2023); *D.K. v. United Behav.* Health, 67 F.4th 1224 (10th Cir. 2023); *Lyn M. v. Premera Blue Cross*, 992 F.2d 1051 (10th Cir. 2021) (en banc); *Lyn M. v. Premera Blue Cross*, 966 F.3d 1061 (10th Cir. 2020); *Danny P. v. Catholic Health Initiatives*, 891 F.3d 1155 (9th Cir. 2018); *Stephanie C. v. Blue Cross Blue Shield of Massachusetts HMO Blue, Inc.*, 813 F.3d 420 (1st Cir. 2016); *Kellogg v. Metropolitan Life Ins. Co.*, 549 F.3d 818 (10th Cir. 2008); *David P. v. United Healthcare Ins. Co.*, 564 F.Supp.3d 1100 (D. Utah 2021); *M.S. v. Premera Blue Cross*, 553 F.Supp.3d 1000 (D. Utah 2021); *Scott M. v. Blue Cross & Blue Shield of Mass.*, 528 F.Supp.3d 1200 (D. Utah 2021); *Patrick S. v. United Behavioral Health*, 516 F.Supp.2d 1303 (D. Utah 2021); *Harvey T. v. Aetna Life Ins. Co.*, 508 F.Supp.2d 1088 (D. Utah 2020); *James C. v. Aetna Health & Life Ins. Co.*, 499 F.Supp.3d 1105 (D. Utah 2020); *Raymond M. v. Beacon Health Options, Inc.,* 463 F.Supp.3d 1250 (D. Utah 2020); *Steve C. v. Blue Cross & Blue Shield of Mass., Inc.,* 450 F.Supp.3d 48 (D. Mass. 2020); *Kerry W. v. Anthem Blue Cross & Blue Shield*, 444 F.Supp.3d 1305 (D. Utah 2020); *Christine S. v. Blue Cross Blue Shield of New Mexico*, 428 F.Supp.3d 1209 (D. Utah 2019); *Michael W. v. United Behavioral Health,* 420 F.Supp.3d 1207 (D. Utah. 2019); *Foust v. Lincoln National Life Ins. Co*, 416 F.Supp.3d 1319 (D. Utah 2019); *Michael D. v. Anthem Health Plans of Kentucky, Inc.,* 369 F.Supp.3d 1159 (D. Utah 2019); *Joseph & Gail F. v. Sinclair Services Co.*, 158 F.Supp.3d 1239 (D. Utah 2016); *Lyn M. v. Premera Blue Cross*, 2021 U.S. Dist. LEXIS 230373 (D. Utah 2021); *D.K. v. United Behavioral Health*, 2021 U.S. Dist. LEXIS 117501 (D. Utah

2021); *Charles W. v. Regence Bluecross Blueshield of Oregon,* 2019 U.S. Dist. LEXIS 167184 (D. Utah 2019); *Timothy D. v. Aetna Health & Life Ins. Co.,* 2019 U.S. Dist. LEXIS 100388 (D. Utah 2019); *B.D. v. Blue Cross Blue Shield of Georgia*, 2018 U.S. Dist. LEXIS 16993 (D. Utah 2018); *William G. v. United Healthcare,* 2017 U.S. Dist. LEXIS 85182 (D. Utah 2017); *John H. v. United Healthcare*, 2017 U.S. Dist. LEXIS 73593 (D. Utah 2017); and *Lynn R. v. ValueOptions,* 2017 U.S. Dist. LEXIS 134367 (D. Utah 2017), among others.

9. My practice consists predominantly of representing ERISA plaintiffs in their denied health, long-term disability and life insurance claims. As in this case, I usually represent my clients on a contingent fee basis. However, I have some clients who pay me by the hour, and I bill those clients and regularly collect at the hourly rate I identify in paragraph 15.

10. I am generally familiar with the hourly rates charged across the nation by ERISA attorneys, as I have practiced in many districts and circuits around the country and I am familiar with a number of attorneys across the country whose practices focus on ERISA.

11. Very few attorneys across the country regularly represent claimants in cases that involve ERISA. It is an extraordinarily difficult and frustrating area in which to practice law and represent claimants.

12. As to the hourly rate of for representation of clients with MHPAEA causes of action, that statute is relatively new and case law is in the early stages of development. It is complex and requires thoughtful and creative lawyering.

13. To the best of my knowledge, there are no other attorneys in the country who represent claimants and prosecute MHPAEA claims on a regular basis.

14. In my research of case law that has been reported on LEXIS involving MHPAEA claims across the nation, about half involve decisions where the claimants were represented by my law firm.

15. My current hourly rate for representation of ERISA plaintiffs on a non-contingent fee basis is $600 per hour.

16. The $600 rate represents not just a rate at which I charge but one at which I actually collect a fee when I bill by the hour. I rarely reduce or cut to any degree my hourly rate below $600 an hour when I do work on an hourly basis. In the past two years I have charged and collected for work at that hourly rate on several occasions.

17. I have not yet represented any individuals with MHPAEA claims on an hourly basis. However, if and when I do, I plan to bill my work at the hourly rate of $600.

18. I am familiar with the hourly rates of attorneys of various levels of experience, paralegals, and legal assistants across the country in this area of work. Based on national standards, the nature of my practice and the specialized knowledge required to practice in this area of law, I believe the hourly rates identified in this declaration for myself and my associate are reasonable for my work and the work of my associate attorney.

19. I am also familiar with the hourly rates charged by individuals in the Salt Lake City area who bill by the hour for commercial litigation and litigation involving issues of fact and law dealing with claims involving breach of contract and violations of statute.

20. During the time he was working on this case, the current hourly rate for my associate Sam Hall was $325.

21. The firm's attorneys keep track of the time for cases the law firm handles, including contingent fee cases. A copy of the ledger for work I performed in this matter and that is related to working on the first cause of action is attached at the conclusion of this declaration.

22. My total hours in this case are 64.1. Multiplied by my reasonable hourly rate of $600, the award of attorney fees I am requesting for my time is $38,460.

23. The total hours for the work in this matter performed by myself and Sam Hall are 91.3. Multiplied by the hourly rates I have identified in this Declaration, the total amount sought in the Plaintiffs' Motion for Award of Attorney Fees is $47,300.

24. The total amount of costs advanced by the Firm is $400, the filing fee for the Complaint in this case. Pursuant to the provisions of 28 U.S.C. §§ 1920 and 1924, that amount is recoverable in this case.

25. I believe the time the firm put into the case was necessary to obtain the results we realized in the case and was reasonable and appropriate under the circumstances of this case.

26. I certify under penalty of perjury that the foregoing is true and correct pursuant to 28 U.S.C. § 1746(2).

DATED this 26th day of September, 2023.

                                              s/Brian S. King
                                              Brian S. King

**BSK time sheet in L.D. v. United**

| | | |
|---|---|---|
| 2020.6.20 | review file materials for PNC and prepare file summary: | 3.1 |
| 2020.7.10 | emails to and from PNC re: time for conference re: representation in case: | .6 |
| 2020.7.24 | conference call with Lynne re: Kathryn's treatment at Elevations, causes of action, etc. to sign up case: | 1.2 |
| 2020.8.10 | prepare and send fee agreement to clients: | .7 |
| 2020.8.14 | emails from and to clients re: signed contingency fee agreement: | .4 |
| 2020.10.20 | emails from and to Lynne re: status of case: | .2 |
| 2021.2.1 | emails from and to client re: case status: | .2 |
| 2021.7.29 | review file to prepare Complaint (1.2); t/c Lynne re: questions in preparing Complaint re: Kate's medical history (.8): | 2.0 |
| 2021.8.14 | draft and edit Complaint: | 4.2 |
| 2021.8.15 | revise draft of Complaint and email to client for review: | 2.7 |
| 2021.8.18 | t/c client re: edits to draft Complaint: | .9 |
| 2021.8.31 | finalize Complaint for filing: | .4 |
| 2021.9.22 | email from and to Ashley Walker re: info on identify of clients: | .2 |
| 2021.9.23 | email to client re: update on case status: | .2 |
| 2021.11.12 | t/c Chris Martinez re: extension on time for United responding the Complaint: | .2 |
| 2021.12.8 | emails to and from Dorsey & Whitney re: additional extension of time to respond; review and approve draft stipulation and order: | .3 |
| 2022.1.10 | emails from and to Ashley Walker re: 3rd stipulation for extending time to respond to Complaint; review and approve stipulation and proposed order: | .3 |
| 2022.1.26 | prepare draft APMR and scheduling order for case: | 1.0 |
| 2022.1.27 | emails from and to client re: status of case, response by United and next steps in the case: | .5 |

| | | |
|---|---|---|
| 2022.1.28 | email from Ashley re: edits to APMR and Sched Order; file APMR and proposed Order with the Court: | .4 |
| 2022.3.1 | prepare initial disclosures and claim calculation for case; email to OC: | 1.6 |
| 2022.3.3 | review initial disclosures and pre-litigation appeal record produced by United: | 3.4 |
| 2022.3.11 | emails from and to Lynne re: report on status of case: | .3 |
| 2022.3.18 | Prepare outline for prelitigation appeal record; emails to and from opposing counsel re: amendment to scheduling order to allow additional time for review of prelitigation appeal record: | 1.0 |
| 2022.3.19 | email to Lynne re: dates in scheduling order for moving case forward: | .2 |
| 2022.3.22 | emails to and from opposing counsel to prepare stipulation and proposed order re: moving dates on scheduling order: | .2 |
| 2022.3.29 | finalize roadmap of documents in prelitigation appeal record: | .8 |
| 2022.4.28 | draft interrogatories, requests for production of documents and requests for admission relating to MHPAEA claim: | 2.8 |
| 2022.5.10 | edit and revise discovery requests: | .4 |
| 2022.6.22 | review discovery responses from United: | 1.4 |
| 2022.7.28 | emails to and from Chris Martinez re: extension of discovery deadline to address discovery issues (.2); prepare stipulation and proposed order (.2): | .4 |
| 2022.8.21 | email to Lynne re: evaluating case for purposes of making settlement offer: | 2.0 |
| 2022.8.25 | email from and to clients re: thoughts on providing opening offer to United: | .4 |
| 2022.8.26 | email to Chris and Ashley re: opening offer to resolve case: | .4 |
| 2022.8.29 | email to and from clients re: claim calculation of the amount at issue in case: | .3 |
| 2022.9.8 | email from OC re: supplemental responses to discovery requests: | .2 |
| 2022.9.23 | review email from clients re: amount at issue and that they have paid in case: | .5 |
| 2022.9.27 | t/c Chris Martinez re: extending time for MSJs for settlement discussions (.2); prepare stip and proposed order for defense review (.2): | .4 |
| 2022.9.29 | email with OC re: filing of sealed admin record with Court: | .2 |

| Date | Description | Hours |
|---|---|---|
| 2022.11.11 | email Chris re: extension of time for filing MSJs and prepare stip and proposed order: | .4 |
| 2022.12.9 | email OC re: additional extension of time for MSJ filing and prepare stip and order: | .3 |
| 2023.1.23 | email re: additional short extension for filing MSJs | .2 |
| 2023.1.25 | review and revise draft of Memo in support of motion for summary judgment: | 2.8 |
| 2023.1.26 | continue revisions of draft opening MSJ Memo: | 2.6 |
| 2023.1.27 | finalize changes to draft opening MSJ memo: | 1.3 |
| 2023.2.25 | review memo in support of MSJ filed by United: | 2.3 |
| 2023.2.26 | draft outline for opposition memo to United's MSJ: | 1.8 |
| 2023.3.2 | revise draft of Opp Memo to United MSJ: | 1.3 |
| 2023.3.17 | email to Chris re: extension for reply brief in case: | .2 |
| 2023.3.23 | review and revise draft of Reply Memo: | 1.9 |
| 2023.3.24 | revise and finalize Reply Memo: | 1.0 |
| 2023.5.19 | draft and filing supplemental authority with court: | .3 |
| 2023.5.22 | review response to supplemental authority from United: | .2 |
| 2023.7.17 | review pleadings and file materials to prepare for oral argument in case: | 2.3 |
| 2023.7.18 | prepare for and present oral argument in case: | 2.5 |
| 2023.7.28 | review MD&O in case (1.0); email to Lynne re: result in case (.2): | 1.2 |
| 2023.7.31 | t/c client re: outcome of case: | .5 |
| 2023.9.25 | prepare motion for award of attorney fees, interest, and costs: | 2.4 |
| 2023.9.26 | prepare declaration of BSK and finalize time sheets: | 2.0 |
| **Total BSK hours:** | | **64.1** |