Chris Martinez (#11152)
Ashley M. Walker (#15762)
**DORSEY & WHITNEY LLP**
111 S. Main Street, Suite 2100
Salt Lake City, UT 84111
Telephone:  (801) 933-7360
Facsimile:  (801) 933-7373
martinez.chris@dorsey.com
walker.ashley@dorsey.com

*Attorneys for Defendants UnitedHealthcare Insurance Company and United Behavioral Health*

---

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| L.D., individually and on behalf of K.D., a minor,<br><br>    Plaintiffs,<br><br>vs.<br><br>UNITEDHEALTHCARE INSURANCE COMPANY, UNITED BEHAVIORAL HEALTH, and the INSPERITY GROUP HEALTH PLAN,<br><br>    Defendants. | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN AWARD OF PREJUDGMENT INTEREST, ATTORNEY FEES, AND COSTS**<br><br>Civil No. 1:21-cv-121-RJS-DBP<br><br>Judge Robert J. Shelby<br><br>Magistrate Judge Dustin B. Pead |

Defendants UnitedHealthcare Insurance Company and United Behavioral Health (collectively "United") submit this Opposition to Plaintiffs' Motion for an Award of Prejudgment Interest, Attorney Fees, and Costs.  Plaintiffs' request is excessive because they seek fees at an unreasonable hourly rate and fees for work that is not recoverable as a matter of law. United urges the Court to reduce Plaintiffs' award as set forth below.

### ARGUMENT

### I.  PLAINTIFFS' ATTORNEY FEE REQUEST IS EXCESSIVE

The Court should reduce Plaintiffs' requested fee award for three reasons. First, the $600

and $325 hourly rates allegedly charged by Plaintiffs' attorneys Brian King and Samuel Hall are excessive. Second, Plaintiffs' request fails to allocate any fees to their unsuccessful Parity Act Claim and their unsuccessful claim for benefits. The Court invited Plaintiffs to submit briefing on attorney's fees, "but only for the portion of the Denial of Benefits claim they were successful on." Mem. Dec. & Order, ECF No. 64, at 41. Yet, their motion appears to request all fees and failed to indicate that they apportioned any to the claims that they lost. Third, Plaintiffs' request includes pre-litigation administrative tasks, which are not recoverable as matter of law.

### A.  Plaintiffs' Counsel's Requested Billing Rates Are Excessive

The party seeking an award of attorney fees bears the burden of producing "satisfactory evidence . . . that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Contrary to Plaintiffs' argument, this district uses attorney rates from the "relevant market," not "national rates," in ERISA cases. *See D.K. v. United Behavioral Health*, No. 2:17-CV-1328-DAK, 2021 U.S. Dist. LEXIS 170481, at *8, 2021 WL 4060937 (D. Utah Sept. 7, 2001); *see also M.D. v. Anthem Health Plans of Ky.*, No. 2:17-cv-678-JNP-CMR, 2020 U.S. Dist. LEXIS 51025, at *6, 2020 WL 1369410 (D. Utah Mar. 23, 2020) ("[T]he application of a local rate is appropriate in this [ERISA] case").

Courts is this district have repeatedly rejected Mr. King's requests for an hourly rate of $600 as excessive in other ERISA cases and instead determined that a reasonably hourly rate for Mr. King was $450. *D.K.*, 2021 U.S. Dist. LEXIS 170481 at *7–8; *Raymond M. v. Beacon Health Options, Inc.*, No. 2:18-cv-48-JNP-DAO, 2021 U.S. Dist. LEXIS 36881, at *9, 2021 WL 764077 (D. Utah Feb. 26, 2021); *James C. v. Aetna Health & Life Ins. Co.*, No. 2:18-cv-717-DBB-CMR, 2021 U.S. Dist. LEXIS 4216, at *3, 2021 WL 76162 (D. Utah Jan. 8, 2021); *M.D.*,

2

2020 U.S. Dist. LEXIS 51025, at *5–6; *see also See David P. v. United Healthcare Ins. Co.*, No. 2:19-cv-225-JNP-JCB, 2021 U.S. Dist. LEXIS 245259, at *11, 2021 WL 6087697 (D. Utah Dec. 23, 2021) (finding reasonable $450 per hour for Mr. King and $250 per hour for Mr. Hall), *vacated on other grounds by David P. United Healthcare Ins. Co.*, 77 F.4th 1293 (10th Cir. 2023); *Charles W. v. Regence BlueCross BlueShield of Or.*, No. 2:17-cv-824-TC, 2019 U.S. Dist. LEXIS 203414, at *7, 2019 WL 6220060 (D. Utah Nov. 21, 2019) ("$400 per hour is a reasonable rate for Mr. King."); *Foust v. Lincoln Nat'l Life Ins. Co.*, No. 2:17-cv-1208-TC, 2019 U.S. Dist. LEXIS 202915, at *4 (D. Utah Nov. 21, 2019) (same). Accordingly, this Court should reduce Mr. King's hourly billed rate to $450.

Similarly, courts have also recently held that $250 was a reasonable hourly rate for Samuel Hall. *See David P.*, 2021 U.S. Dist. LEXIS 245259, at *11; *Theo M. v. Beacon Health Options, Inc.*, No. 2:19-cv-364-JNP-DBP, 2023 U.S. Dist. LEXIS 131275, at *6, 2023 WL 4826771 (D. Utah July 27, 2023). This Court should do the same and reduce Mr. Hall's hourly rate to $250.

### B. Plaintiffs' Fees Should Be Reduced in Proportion to the "Limited Success" of Their Claims

Finally, Plaintiffs' fees must be reduced to reflect the limited success they achieved in this case. As recognized by the Court, Plaintiffs are entitled to "prejudgment interest, attorney's fees, and costs, *but only for the portion of the Denial of Benefits claim they were successful on*." (Mem. Dec. & Order, ECF No. 64, at 41 (emphasis added)). *See Hensley v. Eckerhart*, 461 U.S. 424, 435 (1983) ("Work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.'" (citation omitted)); *Lightfoot v. Principal Life Ins. Co.*,

547 Fed. App'x 864, 866 (10th Cir. 2013) ("[A] district court has the discretion to award fees as long as the fee claimant has achieved some degree of success on the merits." (cleaned up)).

### 1. Plaintiffs Cannot Recover Fees for their Unsuccessful Parity Act Claim

Plaintiffs did not achieve *any* degree of success on the merits in connection with their second cause of action alleging violation of the MHPAEA.[1] Accordingly, Plaintiffs are not entitled to any attorneys' fees in connection with that claim. *See Hensley*, 461 U.S. at 435 ("Work on an unsuccessful claim cannot be deemed to have been 'expended in pursuit of the ultimate result achieved.'" (citation omitted)); *Lightfoot*, 547 Fed. App'x at 866 ("[A] district court has the discretion to award fees as long as the fee claimant has achieved some degree of success on the merits." (cleaned up)).

Plaintiffs failed to allocate their fees to account for their failed Parity Act claim. The Court, therefore, can look to similar cases that have reduced Plaintiffs' fee award by nearly half. *See David P.*, 2021 U.S. Dist. LEXIS 245259, at *10 ("Plaintiffs concede that attorney fees attributable to the Parity Act claim . . . should not be included in the fee award."); *id.* at *9–10 (reducing award to $40,275 from $81,925 total alleged fees attributable to Parity Act claim, which was "dismissed . . . as moot"); *see also M.D.*, 2020 U.S. Dist. LEXIS 51025, at *12 ("[I]t was appropriate for Plaintiffs' counsel to reduce their claimed fees by 50% where Plaintiffs prevailed only on 50% of their claims."). Other court have taken a similar approach. *See, e.g., Whitmer v. World Fin. Network Nat'l Bank,* No. 2:04-cv-567-DAK, 2005 U.S. Dist. LEXIS 56995, at *3–4 (D. Utah Aug. 3, 2005) (because "[attorney's] records do not specifically allocate

---

[1] *See* Mem. Dec. & Order, ECF No. 64, at 41.

to a specific claim, . . . this time should be apportioned 33% to Claim I, 33% to Claim II . . . and 33% to [Claim III]").

Because Plaintiffs' Parity Act claim was unsuccessful, it is United's position that 50% of the requested hours in which counsel pursued that claim should be excluded from any award. As such, United requests that the Court reduce the following time entries from Mr. King, which total 51.2 hours, by 50%, for an excluded amount of 25.6 hours:

- 2021.7.29 review file to prepare Complaint (1.2); t/c Lynne re: questions in preparing Complaint re: [K.D.'s] medical history (.8): 2.0

- 2021.8.14 draft and edit Complaint: 4.2

- 2021.8.15 revise draft of Complaint and email to client for review: 2.7

- 2021.8.18 t/c client re: edits to draft Complaint: .9

- 2021.8.31 finalize Complaint for filing: .4

- 2022.1.26 prepare draft APMR and scheduling order for case: 1.0

- 2022.1.28 email from Ashely re: edits to APMR and Sched. Order; file APMR and proposed Order with the Court: .4

- 2022.3.1 prepare initial disclosures and claim calculation for case; email to OC: 1.6

- 2022.3.3 review initial disclosures and pre-litigation appeal record produced by United: 3.4

- 2022.3.18 Prepare outline for prelitigation appeal record; emails to and from opposing counsel re: amendment to scheduling order to allow additional time for review of prelitigation appeal record: 1.0

- 2022.3.22 emails to and from opposing counsel to prepare stipulation and proposed order re: moving dates on scheduling order: .2

- 2022.3.29 finalize roadmap of documents in prelitigation appeal record: .8

- 2022.4.28 draft interrogatories, request for production of documents and requests for admission relating to MHPAEA claim: 2.8

- 2022.5.10 edit and revise discovery requests: .4

- 2022.6.22 review discovery responses from United: 1.4

- 2022.8.21 email to Lynne re: evaluating case for purposes of making settlement offer: 2.0

- 2022.8.25 email from and to clients re: thoughts on providing opening offer to United: .4

- 2022.8.26 email to Chris and Ashley re: opening offer to resolve case: .4

- 2022.8.29 email to and from clients re: claim calculation of the amount at issue in case: .3

- 2022.9.8 email from OC re: supplemental responses to discovery requests: .2

- 2022.9.23 review email from clients re: amount at issue and that they have paid in case: .5

- 2023.1.25 review and revise draft of Memo in support of motion for summary judgment: 2.8

- 2023.1.26 continue revisions of draft opening MSJ Memo: 2.6

- 2023.1.27 finalize changes to draft opening MSJ memo: 1.3

- 2023.2.25 review memo in support of MSJ filed by United: 2.3

- 2023.2.26 draft outline for opposition memo to United's MSJ: 1.8

- 2023.3.2 revise draft of Opp. Memo to United MSJ: 1.3

- 2023.3.23 review and revise draft of Reply Memo: 1.9

- 2023.3.24 revise and finalize Reply Memo: 1.0

- 2023.7.17 review pleadings and file materials to prepare for oral argument in case: 2.3

- 2023.7.18 prepare for and present oral argument in case: 2.5

- 2023.9.25 prepare motion for award of attorney fees, interest, and costs: 2.4

- 2023.9.26 prepare declaration of BSK and finalize time sheets: 2.0

(Declaration of Brian S. King, ECF No.67-1, at 7–9.) United also requests that the Court exclude 50% of all of Mr. Hall's time entries, which total 27.2 hours, for an excluded amount of 13.6 hours:

- 01/21/2023: Began drafting motion for summary judgment 2.6
- 01/23/2023: Continued drafting motion for summary judgment:  5.5
- 01/24/2023:  Continued drafting motion for summary judgment 0.2
- 01/25/2023: Finished drafting motion for summary judgment 3.8
- 01/2782023: Last revisions to motion for summary judgment 1.2
- 03/02/2023: Drafted MSJ opposition 7.6
- 03/03/2023: Last revisions to MSJ opposition 0.3
- 03/20/2023: Research related to legal issue for MSJ reply 1.4
- 03/22/2023: Began drafting MSJ reply 2.1
- 03/23/2023: Finished drafting MSJ reply 1.2
- 03/24/2023: Last revisions to MSJ reply 0.4
- 07/18/2023: Prepared outline of arguments for MSJ hearing 0.9

(Declaration of Sam Hall, ECF No. 67-2, at 3.)

### 2. Plaintiffs Cannot Recover Fees for their Unsuccessful Benefits Claim

Plaintiffs' claim for benefits encompassed nine months' worth of treatment—February 11, 2019 to November 4, 2019. The Court awarded summary judgment to Plaintiffs only on a limited portion of that range, from February 11 to March 15, 2019[2], but determined Plaintiffs

---

[2] In arguing that they are entitled to prejudgment interest, Plaintiffs mistakenly argue that Defendants wrongfully withheld payment for services from January 1, 2019 to May 31, 2019. *See* Mot., ECF No. 67, at 8. However, the Court found only that United must pay benefits from February 11, 2019 to March 15, 2019. *See* Mem. Dec. & Order, ECF No. 64, at 30. The Court

were not entitled to benefits from March 16 through August 6, 2019. Mem. Dec. & Order, ECF No. 64, Sat 24 & 30.) Stated another way, the Court awarded Plaintiffs benefits for roughly 11% of the date range they sought and denied approximately 55%, leaving the remainder to be determined on remand. As explained above, Plaintiffs achieved some "degree of success" for only one of its two claims. *See Hensley*, 461 U.S. at 436. And with respect to that claim, the Court awarded benefits for one out of the nine months (11%) of benefits Plaintiffs sought. Yet, again, Plaintiffs failed to account for this in submitting their fee petition. After accounting for all of the above reductions, Plaintiffs should be limited to 11% of their requested fees, as directed by the Court's Order.

### C. Plaintiffs Cannot Recover Fees for Work Performed Prior to Filing of the Complaint

Any work that Plaintiffs' counsel performed prior to the drafting of the Complaint should not be included in the attorneys' fees award. *See, e.g.*, *Peterson v. Cont'l Cas. Co.*, 282 F.3d 112, 121 n.5 (2d Cir. 2002) ("[T]he decisive event triggering eligibility for fee awards pursuant to § 1132(g)(1) is the filing of a complaint . . . ."). Courts in this District have rejected Plaintiffs' counsel's fee requests for "administrative tasks done prior to drafting the Complaint." *David P.*, 2021 U.S. Dist. LEXIS 245259, at *10; *Foust*, 2019 U.S. Dist. LEXIS 202915, at *6. This Court should do the same.

Specifically, Plaintiffs' attorneys' fee award should not include the following time entries by Mr. King, which total 6.4 hours:

- 2020.6.20 review file materials for PNC and prepare file summary: 3.1

---

specifically found that United did not wrongfully deny benefits from March 16, 2019 to August 6, 2019. *Id.* at 32.

- 2020.7.10 emails to and from PNC re: time for conference re: representation in case: .6

- 2020.7.24 conference call with Lynne re: [K.D.'s] treatment at Elevations, causes of action, etc. to sign up case: 1.2

- 2020.8.10 prepare and send fee agreement to clients: .7

- 2020.8.14 emails from and to clients re: signed contingency fee agreement: .4

- 2020.10.20 emails from and to Lynne re: status of case: .2

- 2021.2.1 emails from and to client re: case status: .2

(Declaration of Brian S. King, ECF No. 67-1 at 7.)

## CONCLUSION

For the above reasons, United respectfully requests that the Court reduce Plaintiffs' attorney fee award as set forth herein.

Dated this 10th day of October, 2023

DORSEY & WHITNEY LLP

By */s/ Chris Martinez*
Chris Martinez
*Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on the 10th day of October, 2023, a true and correct copy of the foregoing **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION FOR AN AWARD OF PREJUDGMENT INTEREST, ATTORNEY FEES, AND COSTS** was served electronically upon all counsel of record via the Court's CM/ECF filing system.

                                                                                         /s/    Jacqueline Ervin

4868-5101-7605\2